IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH J. SILVA                                                              PLAINTIFF

vs.                                    Civil No. 6:08-cv-06066

MICHAEL J. ASTRUE                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

On August 21, 2008, Defendant filed a Motion to Remand. (Doc. No. 6). Plaintiff filed a response to this Motion on August 25, 2008 and has no objections to this Motion. (Doc. No. 7). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

Defendant requests a remand for further administrative action pursuant to Sentence Six of 42 U.S.C. § 405(g). Specifically, Defendant claims the following:

> The Office of Hearings and Appeals advises that the recording of the hearing held on October 16, 2007, can not be located at this time and, pursuant to sentence 6 of sections 205(g) of the Social Security Act, 42 U.S.C. 405(g), the Appeals Council wishes remand to continue searching for the missing record. If the recording is not obtained within a reasonable amount of time, the appeals Council will remand the case for a *de novo* hearing.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

(Doc. No. 6, Page 1). Plaintiff does not object to this Motion to Remand. (Doc. No. 7).

**2. Applicable Law**

Pursuant to 42 U.S.C. § 405(g), a court is authorized to remand a case to the Commissioner of the Social Security Administration ("Commissioner"). A court is authorized to remand such an action if three requirements are met: (1) the Commissioner made the motion for remand, (2) the motion was made prior to the time the Commissioner's answer was filed, and (3) the Commissioner established good cause for the remand. *See id.*

**3. Discussion**

This Court finds all three requirements of 42 U.S.C. § 405(g) are met and that this motion is well-taken and should be granted. First, the defendant is the Commissioner in this action, and the Commissioner filed this Motion to Remand. (Doc. No. 6). Second, Defendant made this motion prior to the time his answer was filed. *See id.* Third, the Commissioner has established good cause for this Motion to remand. This remand is necessary so that the Commissioner may obtain a complete record for review.

**4. Conclusion**

The undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice pursuant to Sentence Six of 42 U.S.C. § 405(g). This Court directs the ALJ to make additional findings on remand as are necessary to fully and adequately develop the record.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **26th day of August, 2008.**

                                                                      /s/   Barry A. Bryant
                                                                      HON. BARRY A. BRYANT
                                                                      U.S. MAGISTRATE JUDGE